IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |  |
|---|---|---|
| KENNETH G. WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | 3:10-cv-884-JO |
| | ) | |
| v. | ) | OPINION AND ORDER |
| | ) | |
| OREGON DEPARTMENT OF | ) | |
| CORRECTIONS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

JONES, District Judge:

Plaintiff Kenneth Williams, acting pro se, sued employees of the Oregon Department of Corrections ("ODOC") under 42 U.S.C. § 1983 alleging that they violated his constitutional rights by demonstrating deliberate indifference to his medical needs while he was in custody at Two Rivers Correctional Institution. Defendants move to dismiss under Federal Rule of Civil Procedure 12(b) for failure to exhaust administrative remedies (# 47). For the following reasons, defendants' motion is GRANTED.

1 - OPINION AND ORDER

## BACKGROUND

Williams is an inmate in the custody of ODOC. He previously brought claims against ODOC employees alleging deliberate indifference to his medical needs while he was housed at Two Rivers Correctional Institution ("TRCI"). On September 9, 2008, I dismissed those claims with prejudice for failure to exhaust administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). On August 17, 2009, the Court of Appeals ruled that I had properly dismissed the claims because Williams had not completed the prison grievance process prior to filing his suit. The court ruled that I had improperly dismissed with prejudice, however, and remanded with instructions to dismiss without prejudice.

Thereafter, Williams refiled his complaint alleging the same constitutional violations arising from the same events at TCRI. Defendants contend he has still not exhausted administrative remedies and is no longer able to do so because the time limits for filing grievances and appealing adverse administrative determinations have expired.

## STANDARDS

The PLRA precludes a Section 1983 action by an inmate challenging prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement is a mandatory prerequisite. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002). The PLRA exhaustion prerequisite "requires proper exhaustion," demanding compliance with the agency's deadlines and procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90 & 92 (2006). If the district court finds that a prisoner failed to exhaust all available administrative remedies, it should dismiss without prejudice. *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003).

The failure to exhaust administrative remedies is an affirmative defense that requires the defendant to prove the absence of exhaustion. *Brown v. Valoff*, 422 F.3d 926, 936-37 (9th Cir. 2005). In deciding a motion to dismiss for failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact. *Wyatt*, 315 F.3d at 1119-20. Accordingly, I have considered the record of the underlying remanded case and the entire record of this case, including the declaration of Vicki Reynolds, in deciding this motion.

## DISCUSSION

ODOC has a grievance system to address inmate complaints. Or. Admin. R. 291-109-0100 *et seq.* An inmate must file a grievance within 30 days of the alleged event giving rise to the grievance. Or. Admin. R. 291-109-0150(2). After receiving a decision on his grievance, an inmate may appeal to the superintendent of the appropriate correctional institution within 14 days. Or. Admin. R. 291-109-0170. After receiving a decision on the initial appeal, an inmate has 14 days to appeal to an Assistant Director of ODOC, who issues the final administrative determination. Or. Admin. R. 291-109-0170(2).

Williams alleged violations of his rights arising from events that occurred while he was incarcerated at TRCI. He was last housed at TRCI in December 2007 and his grievances were filed between April 2005 and January 2006. He received adverse responses to all his grievances but pursued a timely initial appeal of only one. He received an adverse response to that first-level appeal on September 1, 2005, and did not pursue a second-level appeal. Accordingly, none of his grievances were reviewed by an Assistant Director as required to obtain a final administrative determination under Or. Admin. R. 291-109-0170. These are the findings that were the basis of my order dismissing Williams' claims in the remanded case. The Court of Appeals affirmed these

3 - OPINION AND ORDER

findings in August 2009, and remanded the case only because the dismissal should have been without prejudice.

On September 15, 2009, after the Court of Appeals remanded the case, Williams submitted a written communication to the grievance coordinator at Oregon State Penitentiary, inquiring about the grievances and grievance appeal from TRCI that had been the subject of the remanded case. He received a response to the written submission and did not seek review.

Williams now argues that his September 2009 written submission cured his earlier failure to exhaust administrative remedies. This argument fails because the September 2009 submission, if it was a grievance related to events that occurred at TCRI, was untimely, coming nearly two years after Williams was last housed at TCRI and long after the 30-day deadline expired. If the September 2009 submission were to be construed as an appeal from the earlier grievances, it comes nearly three years late, and far outside the applicable 14-day time limitation. If the September 2009 submission is an new grievance, it does not support a claim because Williams did not seek review and again failed to exhaust administrative remedies. Accordingly, Williams' claims must again be dismissed for failure to exhaust administrative remedies. 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. at 90-92; *McKinney*, 311 F.3d at 1199.

I reject defendants' request that I dismiss Williams' claims with prejudice as have courts from other Circuits when a plaintiff can no longer satisfy exhaustion requirements. *See e.g. Giano v. Goord*, 380 F.3d 670, 675 (2d Cir. 2004) (dismissal with prejudice proper when administrative remedies are no longer available). I acknowledge that Williams can no longer exhaust administrative remedies as to the claims in this case. Having failed to exhaust in a timely manner, he is now procedurally barred from doing so. Accordingly, refiling his complaint at this point would be futile.

Nevertheless, I am bound by *Wyatt v. Terhune* and by the earlier instructions from the Court of Appeals directing me to dismiss without prejudice under the present circumstances.

## CONCLUSION

Defendants' unenumerated Rule 12(b) motion to dismiss (# 47) is GRANTED. Plaintiff's claims are DISMISSED WITHOUT PREJUDICE. Any remaining pending motions are DENIED AS MOOT.

IT IS SO ORDERED.

DATED this 6 day of March, 2013.

Robert E. Jones
United States District Judge

5 - OPINION AND ORDER